**12 CIV 4944**

Jason M. Drangel (JMD 7204)
Robert L. Epstein (RE8941)
William C. Wright (WCW 2213)
EPSTEIN DRANGEL LLP
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 2410
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROVIO ENTERTAINMENT LTD<br>fka ROVIO MOBILE OY<br>Plaintiff<br><br>v.<br><br>COAST TO COAST ENTERTAINMENT,<br>L.L.C.<br>Defendant | **COMPLAINT**<br><br>12: CIV _____<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, Rovio Entertainment Ltd fka Rovio Mobile Oy, a limited liability company

incorporated in Finland, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101

et seq.; for counterfeiting of Plaintiff's Marks in violation of 15 U.S.C. §§ 1114, 1116(d), and

1117(b)-(c); for trademark infringement under federally registered trademarks in violation of §32

of the Lanham Act, 15 U.S.C. § 1114; for false designation of origin and unfair competition in

violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and

for related common law claims.  Plaintiff seeks injunctive relief, an accounting, compensatory

damages, trebling of the accounting and/or compensatory damages, punitive damages, attorney's

1

fees and costs.

## JURISDICTION AND VENUE

2.     This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a) - (b).

3.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391 because upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

4.     Personal jurisdiction exists over Defendant because on information and belief, Defendant conducts business in New York and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

## THE PARTIES

5.     Plaintiff Rovio Entertainment Ltd. fka Rovio Mobile Oy is a private liability company organized under Finnish law, having a principal place of business at Keilaranta 17 C, FI-02150 Espoo, Finland.

6.     Defendant Coast To Coast Entertainment, L.L.C. ("Coast") is a New Jersey limited liability corporation, having a place of business at 4000 Bordentown Avenue, Suite 16, Sayreville, NJ 08872.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff Rovio and its Well-Known Angry Birds Game and Licensed Products

7.      Angry Birds is a puzzle video game developed by Finland-based Rovio. The game was first released for Apple's iOS in December 2009.

8.      In the game, players use a slingshot to launch birds at pigs stationed on or within various structures, with the intent of destroying all the pigs on the playfield. As players advance through the game, new birds appear, some with special abilities that can be activated by the player. Plaintiff has supported Angry Birds with numerous free updates that add additional game content, and the company has even released stand-alone holiday and promotional versions of the game.

9.      By the end of 2011, Angry Birds had a combined 500 million downloads across all platforms, including both regular and special editions. In fact, the game has been called "one of the most mainstream games out right now," "one of the great runaway hits of 2010," and "the largest mobile app success the world has seen so far."

10.     Players log more than 1 million hours of game time each day on the iOS version of the game, 3.33 million hours per day across all platforms and 40 million monthly active users. In November 2010, digitaltrends.com stated that "with 36 million downloads, Angry Birds is one of the most mainstream games out right now." MSNBC's video game news blog has written that "[n]o other game app comes close" to having such a following. The Christian Science Monitor has remarked, "Angry Birds has been one of the great runaway hits of 2010." In December 2010, in honor of the one-year anniversary of the release of Angry Birds, Plaintiff announced that the game had been downloaded 50 million times, with more than 12 million on iOS devices and 10 million on Android.

11.     In February 2010, Angry Birds was a nominee for the "Best Casual Game" award at the 6th annual International Mobile Gaming Awards in Barcelona, Spain.  In September 2010, IGN named Angry Birds as the fourth best iPhone game of all time.  In April 2011, Angry Birds won both the "Best Game App" and "App of the Year" at the UK Appy Awards.  At the 15th edition of the Webby Awards, Angry Birds was awarded "Best Game for Handheld Devices."

12.     Angry Birds' popularity led to versions of Angry Birds being created for personal computers and gaming consoles, a market for merchandise featuring its characters and even plans for a feature film and television series.

13.     Plaintiff has an extensive world-wide licensing program for merchandise featuring its characters.  The most popular items have been t-shirts, plush toys and cell phone accessories ("Products").

14.     While Plaintiff has gained significant common law trademark and other rights in its trademarks and Products through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

15.     Plaintiff is the owner of the U.S. Trademark Registration No. 3,976,576 for ANGRY BIRDS for a wide variety of goods in Classes 9, 16, 28 and 41 and U.S. Trademark No. 3,988,064 for  for a wide variety of goods in Classes 9, 16, 28 and 41 (the "Marks").    A true and correct copy of the registration for the Marks are attached hereto **Exhibit A** and incorporated herein by reference.

16.     Plaintiff also owns copyrights in and related to the Products. Plaintiff's copyrights protect the various proprietary characters originated in the game and extended through its line of

Products. The line is updated from time to time to add new designs and products.

17. Rovio owns several United States Copyright Registrations relating to its products. For example, Rovio owns the following relevant certificates of registrations: VA1769078, VA1778702, VA1778705, VA1778703, VA1776995, VA1776992, VA1769080, VA1064249, VA1777195 as well as numerous common law copyrights. (cumulatively hereinafter referred as "Copyright Work"). True and correct copies of the foregoing certificates of registration are collectively attached hereto as **Exhibit B** and incorporated herein by reference.

18. As a result of Plaintiff's efforts, the quality of its Products, its promotions, and word of mouth buzz, Plaintiff's Mark and Products have become prominently placed in the minds of the public. Members of the public have become familiar with Plaintiff's Mark and Products, and have come to recognize the Mark and Products and associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the Mark and Products are famous in the United States, among other countries.

19. Since Summer, 2010, Rovio granted Commonwealth Toy & Novelty Co., Inc. ("Commonwealth"), a U.S. license (and elsewhere), to market, manufacture, distribute and sell Angry Birds plush, key chains, balls, PVC figures, bean bags, Christmas stockings, seasonal Summer goods, banners and flags, lanyards, magnets, plush hats, snow globes, and drinkware.

20. Commonwealth is a leader in the plush toy industry and one of the oldest and most prominent companies of its kind. Commonwealth has a dedicated internal sales force covering several tiers of the plush market. With offices located in New York, Holland and Hong Kong, Commonwealth is able to utilize a global web of resources enabling the design and manufacturing of toys in a competitive market price.

21.     Currently, Commonwealth's most popular products overall are round plush Angry Birds.  The round plush Angry Birds are sold in various sizes and styles.  Some products include sound. ("Angry Birds Plush Line")

22.     In the United States, Commonwealth sells the Angry Birds Plush Line to such well-known retailers as Toys R Us, Kmart, Walmart, Shopko, Hallmark, Build A Bear, Pamida, Walgreens, CVS, Justice, Claires, Hot Topic, Transworld, and Spencer Gifts, among others. Commonwealth also sell to over one thousand (1,000) other independent retailers in the United States.  The Angry Bird Plush Line is also being sold (given away as prizes) in amusement parks such as Universal Studios, Knotts Berry Farm, Cedar Point, Dorney Park, Hershey Park, Six Flags, Sea World, Lego Land.

23.     Since late 2010, Commonwealth has sold nearly six million (6,000,000) units of the Angry Birds Plush Line, a majority in the United States.

### Defendant's Wrongful and Infringing Conduct

24.     Particularly in light of the success of Plaintiff and Plaintiff's games and Products, as well as the reputation they have gained, Plaintiff and its Products have become targets for unscrupulous individuals and entities who wish to take a free ride on both the goodwill, reputation and fame Plaintiff has built up in their Products and Marks, and the works embodied in Plaintiff's Copyright Works.

25.     A large number of these individuals and entities deal in infringing products and services, including products related to Plaintiff's Mark and Copyright Works. Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing infringing and otherwise unauthorized products.

26.     Plaintiff investigates and enforces against such activity, and through such efforts,

learned of Defendant's advertising, marketing, sale and offer for sale of infringing products, nearly identical to Plaintiff's Copyright Works. The infringing products bore or were marketed/sold in connection with one or more Marks.

27.     Plaintiff had infringing products purchased from Defendant. Attached as **Exhibit C** are photos of Defendant's knock-off products. The products are nearly identical with only minor variations that most consumers would not recognize.

28.     The products purchased from Defendant were inspected to determine authenticity. The inspection of the purchased items confirmed that the items Defendant sold and offered for sale were in fact infringing on Plaintiff's Copyright Works and Marks.

29.     By these sales – and, upon information and belief, their other dealings in infringing products (including importing, advertising, displaying, distributing, selling and/or offering to sell infringing products) – Defendant violated Plaintiff's exclusive rights in its Copyright Works and Marks, and used images and designs that are substantially similar to, identical to, and/or constitute infringement of Plaintiff's intellectual property to confuse consumers and aid in the promotion and sales of their unauthorized products. Defendant's conduct and use began long after Plaintiff's adoption and use of its Copyright Works and Marks.

30.     Indeed, Defendant had knowledge of Plaintiff's ownership of the Copyright Works and Marks, and of the fame in such Works and Marks, prior to the actions alleged herein, and adopted them in bad faith. Defendant's infringing conduct is willful since it also sells authentic Angry Bird plush products.

31.     Neither Plaintiff nor any authorized agents have consented to Defendant's use of any of Plaintiff's intellectual property, including its Copyright Works and Marks.

32.     Plaintiff has never authorized or consented to the use of its Marks or any

confusingly similar marks by Defendant; nor has Plaintiff authorized Defendant to manufacture, copy, sell, or distribute any of its Copyright Works or products bearing its Marks.

33.     In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff: infringed Plaintiff's Copyright Works and Marks; committed unfair competition; and unfairly profited from such activity at Plaintiff's expense. Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. §501(a)]

34.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35.     Plaintiff is the exclusive owner of copyrights in and related to its Products and related products, and possesses copyright registrations with the United States Copyright Office relating to the Copyright Works.

36.     Defendant has actual notice of Plaintiff's exclusive copyright rights in the designs.

37.     Defendant did not seek and failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected Products.

38.     Without permission, Defendant intentionally and knowingly reproduced, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, and distributing related products which are, at a minimum, substantially similar

to Plaintiff's Copyright Works.

39.    Defendant's acts, as alleged herein, constitute infringement of Plaintiffs' Copyright Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

40.    Defendant's knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff, and has and will continue to cause damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief, damages, Defendant's profits, increased damages, and reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c))**

41.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.    Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in Plaintiff's Marks, Defendant has distributed, advertised, offered for sale, and/or sold counterfeit Products to the consuming public in direct competition with Plaintiff, in or affecting interstate commerce.

43.    Defendant's counterfeit Products reproduce, counterfeit, copy, and colorably imitate Plaintiff's Marks or display spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's Marks.

44.    Defendant has applied their reproductions, counterfeits, copies, and colorable imitations to labels, point-of-purchase images, and advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising of Defendant's counterfeit Products, which is likely to cause confusion, cause mistake, or deceive.

45.     Defendant's unauthorized use of Plaintiff's Marks on or in connection with the counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff. Defendant's actions constitute willful counterfeiting of Plaintiff's Marks in violation of 15 U.S.C. §§ 1114, 1116(d), and 1117(b)-(c).

46.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered damage to their valuable trademarks and other damages in an amount to be proved at trial.

47.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by defendants' sale of Counterfeit Products unless this Court enjoins Defendant from such fraudulent business practices.

## THIRD CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. §1114/Lanham Act §32(a)]

48.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.     Plaintiff has continuously used its Marks in interstate commerce since at least as early as 2010.

50.     Plaintiff, as the owner of all right, title and interest in and to the Marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

51.     Defendant is and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of the Marks.

52.     Defendant did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the Marks to deal in and commercially distribute, market and sell Products and related products bearing Marks into the stream of commerce.

53.     Defendant intentionally and knowingly used in commerce the reproductions, copies, and/ or colorable imitations of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing related products bearing Plaintiff's Marks.

54.     Defendant reproduced, copied, and colorably imitated Plaintiff's Marks and applied such reproductions, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendant thereupon offered, advertised, promoted, retailed, sold, and distributed marks and related products bearing Plaintiff's Marks.

55.     Defendant's egregious and intentional use and sale of items bearing Plaintiff's trademarks has caused actual confusion and is likely to continue to cause further confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendant's items are authentic products manufactured by Plaintiff.

56.     Defendant's acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the Marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

57.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the Marks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

58.     Defendant's continued and knowing use of Plaintiff's Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114. Based on such conduct, CJ

is entitled to injunctive relief as well as monetary damages, and other remedies provided by §

1116, 1117, and 1118, including Defendant's profits, treble damages, reasonable attorneys' fees,

costs and prejudgment interest.

## FOURTH CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. §1125(a)/Lanham Act §43(a)]

59.     Plaintiff repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs.

60.     Plaintiff has standing to maintain an action for false designation of origin and

unfair competition under the Federal Trademark Statute, Lanham Act §43(a) (15 U.S.C. §1125.

61.     Defendant has without authorization, on or in connection with its goods and

services have made false designations of origin which are likely to cause confusion or cause

mistake or to deceive as to the affiliation, connection or association of Defendant's products with

Plaintiffs, and/or as to the origin, sponsorship or approval of Defendant's goods or services or

commercial activities.

62.     Defendant's conduct described above violates the Lanham Act, and Defendant has

unfairly competed with and injured and, unless immediately restrained, will continue to injure

Plaintiffs, causing damage to Plaintiff in an amount to be determined at trial, and will cause

irreparable injury to Plaintiff's goodwill and reputation.

63.     On information and belief, the conduct of Defendant has been knowing,

deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant

disregard of Plaintiff's rights.

64.     Defendant knew or by the exercise of reasonable care should have known that

their adoption and commencement of use in commerce and continuing use of plush bird designs

that are confusingly similar to and constitute a reproduction of Plaintiff's Copyrighted Works would cause confusion, mistake, or deception among purchasers, users and the public.

65.     Defendant's egregious and intentional use and sale of items that are confusingly similar to and constitute a reproduction of Plaintiff's Marks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products or related products.

66.     Defendant's conduct false designation of origin (passing off) and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

67.     Defendant's wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendant's wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its Products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its Marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendant's profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

68.     Based on Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## FIFTH CAUSE OF ACTION
### (Violation of Deceptive Trade Practices Act - Gen. Bus. Law § 349)

69.     Plaintiff repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs.

70.    Defendant's aforementioned conduct is false, misleading and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce and is misleading the public and injuring the good will and reputation of Plaintiff in violation of N.Y. Gen, Bus. Law §§ 349.

**SIXTH CAUSE OF ACTION**
**(False Advertising - N.Y. Gen. Bus. Law § 350)**

71.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

72.    By reason of the foregoing acts, Defendant has engaged in and are continuing to engage in acts which are misleading the public and injuring the good will and reputation of Plaintiff in violation of N.Y. Gen, Bus. Law § 350.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

73.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

74.    By marketing, advertising, promoting, selling and/or otherwise dealing in the infringing products, Defendant has engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of New York.

75.    Defendant's marketing, advertising, promoting, selling and/or otherwise dealing in infringing products is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendant's conduct was intended to cause such loss,

damage and injury.

76.    Defendant knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the infringing products would cause confusion mistake or deception among purchasers, users and the public.

77.    By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in infringing products, Defendant intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff.

78.    Upon information and belief, the conduct of Defendant has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

79.    Defendant's wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendant's wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks an order granting Defendant's profits stemming from its infringing activity, and its actual and/or compensatory damages.

80.    Plaintiff has no adequate remedy at law for Defendant's continuing violation of its rights set forth above. Plaintiff seeks preliminary and permanent injunctive relief.

81.    Plaintiff seeks exemplary or punitive damages for Defendant's intentional

misconduct.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

82.   Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

83.   By virtue of the egregious and illegal acts of Defendant as described above, Defendant has been unjustly enriched in an amount to proven at trial.

84.   Defendant's retention of monies gained through its deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.


WHEREFORE, Plaintiff prays for judgment against Defendant, inclusive, and each of them, as follows:

A.     For an award of Defendant's profits and order that Plaintiff recover Defendant's illicit profits and damages arising out of the acts of deception and infringement described above, and a sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a) and (b);

B.     For an award of statutory damages of $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(d).

C.     For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under federally registered trademarks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114;

D.     For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at

trial for copyright infringement under 17 U.S.C. §501(a);

E.     In the alternative to actual damages and Defendant's profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 USC §504(c), which election Plaintiff will make prior to the rendering of final judgment;

F.     For an award of Defendant's profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

G.     For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices.

H.     For damages to be proven at trial for common law unfair competition;

I.     For an injunction by this Court prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any infringing product; the unauthorized use of any trademark, copyright or other intellectual property right of Plaintiff; acts of trademark and copyright infringement; unfair competition; and any other act in derogation of Plaintiff's rights;

J.     For an order from the Court requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendant's complied with their legal obligations, or as equity requires;

K.     For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

L.     For destruction of the infringing articles in Defendant's possession under 17 USC §503;

M.     For damages in an amount to be proven at trial for unjust enrichment.

N.    For an award of exemplary or punitive damages in an amount to be determined by the

Court;

O.    For Plaintiff's reasonable attorney's fees;

P.    For all costs of suit;

Q.    For such other and further relief as the Court may deem just and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.

Dated:    6/22/12                    Respectfully submitted,

                                     EPSTEIN DRANGEL LLP

                                     BY: _____
                                     Jason M. Drangel (JMD 7204)
                                     Robert L. Epstein (RE8941)
                                     William C. Wright (WCW 2213)
                                     60 East 42nd Street, Suite 2410
                                     New York, NY 10165
                                     Telephone: (212)292-5390
                                     Facsimile: (212)292-5391
                                     E-mail: jdrangel@ipcounselors.com
                                     *Attorneys for the Plaintiff*
                                     Rovio Entertainment Ltd.

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

## ANGRY BIRDS

**Reg. No. 3,976,576**

**Registered June 14, 2011**

**Int. Cls.: 9, 16, 28 and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

ROVIO MOBILE OY (FINLAND CORPORATION)
ANNANKATU 31-33C 37
FI-00100 HELSINKI
FINLAND

FOR: VIDEO GAMES FOR MOBILE DEVICES, PERSONAL COMPUTERS, CONSOLES, TABLETS; ELECTRONIC GAME PROGRAMS; DOWNLOADABLE ELECTRONIC GAME PROGRAMS; ELECTRONIC GAME SOFTWARE; COMPUTER GAME PROGRAMS; DOWNLOADABLE COMPUTER GAME PROGRAMS; INTERACTIVE GAME PROGRAMS; INTERACTIVE GAME SOFTWARE; APPARATUS FOR GAMES ADAPTED FOR USE WITH TELEVISION RECEIVERS; CINEMATOGRAPHIC APPARATUS; PROTECTIVE CARRYING CASES SPECIALLY ADAPTED FOR PHONES AND HANDHELD COMPUTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: BOOKLETS AND MANUALS REGARDING VIDEO GAMES; BOOKS IN THE FIELD OF VIDEO GAMES; CALENDARS, CHILDREN'S BOOKS, COMIC BOOKS, ADDRESS BOOKS, COLORING BOOKS AND ACTIVITY BOOKS; BOOK COVERS; BOOKMARKS; ERASERS, GIFT WRAPPING PAPER, GIFT BOXES MADE OF CARDBOARD, INVITATION CARDS, MAGAZINES REGARDING GAMES, MEMO PADS, NOTE PADS, NOTEBOOKS; PAPER NAPKINS, PAPER PARTY HATS AND PARTY DECORATIONS MADE OF PAPER, PAPERBACK BOOKS, PENCIL SHARPENERS, PENS AND CRAYONS, PICTURE STORY-BOOKS, PLAYING CARDS, POSTERS, POSTCARDS, RING BINDERS, RUBBER STAMPS, SCRATCH PADS, PAPER STAPLERS, STATIONERY, STATIONERY-TYPE PORTFOLIOS AND FOLDERS, STICKER ALBUMS, STICKERS, TRADING CARDS; GENERAL PURPOSE PLASTIC BAGS; PAPER DISHES; PROTECTIVE COVERS FOR NOTEBOOKS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FOR: BOARD GAMES; ELECTRONIC GAME EQUIPMENT FOR PLAYING VIDEO GAMES, NAMELY, HAND HELD UNITS FOR PLAYING VIDEO GAMES OTHER THAN THOSE ADAPTED FOR USE WITH AN EXTERNAL DISPLAY SCREEN OR MONITOR; GAME CARDS; NON ELECTRIC HAND-HELD SKILL GAMES, SOFT DOLLS, NOT FOR ANIMALS; PUZZLES; TOY ACTION FIGURES, NOT FOR ANIMALS; BALLOONS AND YO-YOS; PLUSH TOYS, NOT FOR ANIMALS; CHRISTMAS TREE DECORATIONS; TOY FIGURES ATTACH-ABLE TO PENCILS; PLUSH TOYS THAT CONNECT TO BELTS BY A HOOK; NON-ARTIC-ULATED PVC FIGURES; AND RUBBER BALLS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FOR: PROVIDING A WEB SITE FEATURING ENTERTAINMENT INFORMATION IN THE FIELDS OF ELECTRONIC GAME PROGRAMS, ELECTRONIC GAME PRODUCTS, AND ELECTRONIC GAME PROGRAMS AND PRODUCTS; TELEVISION PROGRAMS IN THE FIELD OF ENTERTAINMENT; ORGANIZING SPORTING EVENTS, NAMELY, SWIMMING MEET, SOCCER COMPETITION, BASEBALL COMPETITION, HOCKEY COMPETITION; ENTERTAINMENT SERVICES IN THE NATURE OF CREATION, DEVELOPMENT, AND PRODUCTION OF FILMS, ANIMATION OR ANIMATED FILMS, AND TELEVISION PRO-GRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.



*David J. Kappos*

Director of the United States Patent and Trademark Office

**Reg. No. 3,976,576** OWNER OF INTERNATIONAL REGISTRATION 1034096 DATED 3-4-2010, EXPIRES 3-4-2020.

SER. NO. 79-080,883, FILED 3-4-2010.

JOHN DALIER, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,988,064**

**Registered July 5, 2011**

**Int. Cls.: 9, 16, 28 and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**



*David J. Kappos*

Director of the United States Patent and Trademark Office

ROVIO MOBILE OY (FINLAND CORPORATION)
ANNANKATU 31-33C 37
FI-00100 HELSINKI
FINLAND

FOR: VIDEO GAME SOFTWARE FOR ALL ELECTRONIC PLATFORMS SUCH AS MOBILE DEVICES, PERSONAL COMPUTERS, HOME VIDEO GAME CONSOLES, TABLET COMPUTERS; ELECTRONIC GAME PROGRAMS; DOWNLOADABLE ELECTRONIC GAME PROGRAMS; ELECTRONIC GAME SOFTWARE; COMPUTER GAME PROGRAMS; DOWNLOADABLE COMPUTER GAME PROGRAMS; INTERACTIVE GAME PROGRAMS; INTERACTIVE GAME SOFTWARE; GAMES ADAPTED FOR USE WITH TELEVISION RECEIVERS; CINEMATOGRAPHIC APPARATUS; PROTECTIVE CARRYING CASES SPECIALLY ADAPTED FOR PHONES AND HANDHELD COMPUTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: BOOKLETS, BOOKS, ACTIVITY BOOKS, PAPERBACK BOOKS, AND MANUALS IN THE FIELD OF VIDEO GAMES; CALENDARS, CHILDREN'S BOOKS, COMIC BOOKS, ADDRESS BOOKS, COLORING BOOKS; BOOK COVERS; BOOKMARKS; ERASERS, GIFT WRAPPING PAPER, GIFT BOXES MADE OF CARDBOARD, INVITATION CARDS, MAGAZINES IN THE FIELD OF VIDEO GAMES, MEMO PADS, NOTE PADS, NOTEBOOKS; PAPER NAPKINS, PARTY DECORATIONS MADE OF PAPER; PENCIL SHARPENERS, PENS AND CRAYONS; CHILDREN'S PICTURE STORYBOOKS; POSTERS, POSTCARDS, RING BINDERS, RUBBER STAMPS, SCRATCH PADS, PAPER STAPLERS, STATIONERY, STATIONERY-TYPE PORTFOLIOS AND FOLDERS, STICKER ALBUMS, STICKERS, TRADING CARDS; GENERAL PURPOSE PLASTIC BAGS; PROTECTIVE COVERS FOR NOTEBOOKS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FOR: BOARD GAMES; ELECTRONIC GAME EQUIPMENT FOR PLAYING VIDEO GAMES, NAMELY, HAND HELD UNITS FOR PLAYING VIDEO GAMES OTHER THAN THOSE ADAPTED FOR USE WITH AN EXTERNAL DISPLAY SCREEN OR MONITOR; GAME CARDS; NON-ELECTRIC HAND-HELD ACTION SKILL GAMES; SOFT DOLLS; PUZZLES; TOY ACTION FIGURES; BALLOONS AND YOYOS; PLUSH TOYS; PLUSH TOYS THAT CONNECT TO BELTS BY A HOOK; TOY FIGURES ATTACHABLE TO PENCILS; NON-ARTICULATED PLASTIC TOY FIGURES; RUBBER BALLS; AND DECORATIONS FOR CHRISTMAS TREES; PLAYING CARDS, PAPER PARTY HATS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FOR: PROVIDING A WEB SITE FEATURING ENTERTAINMENT INFORMATION IN THE FIELDS OF ELECTRONIC GAME PROGRAMS, ELECTRONIC GAME PRODUCTS, AND

**Reg. No. 3,988,064**    OTHER ENTERTAINMENT TOPICS RELATED TO ELECTRONIC GAME PROGRAMS AND PRODUCTS; TELEVISION PROGRAMS IN THE FIELD OF ENTERTAINMENT NEWS; OR-GANIZING SPORTING EVENTS, NAMELY, SWIMMING MEETS, SOCCER COMPETITIONS, BASEBALL COMPETITIONS, HOCKEY COMPETITIONS; ENTERTAINMENT SERVICES IN THE NATURE OF CREATION, DEVELOPMENT, AND PRODUCTION OF FILMS, ANIM-ATION OR ANIMATED FILMS, AND TELEVISION PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

THE MARK CONSISTS OF A STYLIZED HEAD OF A BIRD, WHICH IS RED WITH A BEIGE BOTTOM, WITH A YELLOW BEAK WITH WHITE TEETH SHOWING, WHITE EYES WITH BLACK PUPILS AND EYEBROWS, AND WITH THE WHOLE DRAWING OUTLINED IN BLACK.

OWNER OF INTERNATIONAL REGISTRATION 1052865 DATED 6-28-2010, EXPIRES 6-28-2020.

THE COLOR(S) RED, BLACK, YELLOW, BEIGE AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

SER. NO. 79-087,995, FILED 6-28-2010.

ANDREW LEASER, EXAMINING ATTORNEY

EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-778-702

**Effective date of registration:**

June 17, 2011

---

## Title

**Title of Work:** Angry Birds - Big Red Bird

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** April 16, 2010   **Nation of 1st Publication:** Finland

## Author

■   **Author:** Rovio Mobile Oy

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** Finland   **Domiciled in:** Finland

## Copyright claimant

**Copyright Claimant:** Rovio Mobile Oy

Keilaranta 17, Espoo, FI-02150, Finland

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**Previous registration and year:** 1-769-078   2009

**New material included in claim:** 2-D artwork

## Rights and Permissions

**Name:** Garfield Goodrum

**Email:** garfield.goodrum@designlawgroup.com   **Telephone:** 301-585-8601

**Address:** 8601 Georgia Ave., Ste. 603

Silver Spring, MD 20910  United States

## Certification

**Name:**   Garfield Goodrum, Esq.

**Date:**   June 17, 2011

**Correspondence:**   Yes



# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-778-705**

**Effective date of
registration:**

June 17, 2011

## Title

Title of Work: Angry Birds - Black Bird, Blue Bird, White Bird, Yellow Bird

## Completion/Publication

Year of Completion: 2009

Date of 1st Publication: December 10, 2009          Nation of 1st Publication: Finland

## Author

- Author: Rovio Mobile Oy

  Author Created: 2-D artwork

  Work made for hire: Yes

  Citizen of: Finland          Domiciled in: Finland

## Copyright claimant

Copyright Claimant: Rovio Mobile Oy

Keilaranta 17, Espoo, FI-02150, Finland

## Rights and Permissions

Organization Name: SAIDMAN DesignLaw Group, LLC

Name: Garfield Goodrum, Esq.

Email: garfield.goodrum@designlawgroup.com          Telephone: 301-585-8601

Address: 8601 Georgia Ave., Ste. 603

Silver Spring, MD 20910  United States

## Certification

Name: Garfield Goodrum, Esq.

Date: June 17, 2011

Correspondence: Yes

Registration #:   VA0001778705
Service Request #:   1-623841211



SAIDMAN DesignLaw Group, LLC
Garfield Goodrum
8601 Georgia Ave., Ste. 603
Silver Spring, MD 20910  United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-778-703

**Effective date of registration:**

June 17, 2011

## Title ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Title of Work:** Angry Birds - Green Bird

## Completion/Publication ━━━━━━━━━━━━━━━━━━━━━

**Year of Completion:** 2010

**Date of 1st Publication:** April 23, 2010     **Nation of 1st Publication:** Finland

## Author ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

■   **Author:** Rovio Mobile Oy

**Author Created:** 2-D artwork

**Work made for hire:** yes

**Citizen of:** Finland     **Domiciled in:** Finland

## Copyright claimant ━━━━━━━━━━━━━━━━━━━━━━━

**Copyright Claimant:** Rovio Mobile Oy

Keilaranta 17, Espoo, FI-02150, Finland

## Rights and Permissions ━━━━━━━━━━━━━━━━━━━━

**Organization Name:** SAIDMAN DesignLaw Group, LLC

**Name:** Garfield  Goodrum, Esq.

**Email:** garfield.goodrum@designlawgroup.com     **Telephone:** 301-585-8601

**Address:** 8601 Georgia Ave., Ste. 603

Silver Spring, MD 20910  United States

## Certification ━━━━━━━━━━━━━━━━━━━━━━━━━━

**Name:** Garfield Goodrum, Esq.

**Date:** June 17, 2011

**Correspondence:** Yes

**Registration #:**  VA0001778703
**Service Request #:**  1-623841397



SAIDMAN DesignLaw Group, LLC
Garfield Goodrum
8601 Georgia Ave., Ste. 603
Silver Spring, MD 20910  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-776-995

**Effective date of registration:**

June 20, 2011

## Title

**Title of Work:** Helmet Pig, Moustache Pig & Green Pig

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** November 30, 2010     **Nation of 1st Publication:** Finland

## Author

**Author:** Rovio Mobile Oy

**Author Created:** sculpture/3-D artwork

**Work made for hire:** Yes

**Citizen of:** Finland          **Domiciled in:** Finland

## Copyright claimant

**Copyright Claimant:** Rovio Mobile Oy

Keilaranta 17, Espoo, FI-02150, Finland

## Limitation of copyright claim

**Material excluded from this claim:** Preexisting drawing

**New material included in claim:** sculpture/3-D artwork

## Rights and Permissions

**Organization Name:** SAIDMAN DesignLaw Group, LLC

**Name:** Garfield Goodrum, Esq.

**Email:** garfield.goodrum@designlawgroup.com     **Telephone:** 301-585-8601

**Address:** 8601 Georgia Ave., Ste. 603

Silver Spring, MD 20910  United States

## Certification

**Name:**   Garfield Goodrum, Esq.

**Date:**   June 20, 2011

**Correspondence:**   Yes



# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-776-992

**Effective date of
registration:**

June 20, 2011

---

## Title

**Title of Work:** Mighty Eagle

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** March 1, 2011     **Nation of 1st Publication:** Finland

## Author

■  **Author:** Rovio Mobile Oy

**Author Created:** sculpture/3-D artwork

**Work made for hire:** Yes

**Citizen of:** Finland     **Domiciled in:** Finland

## Copyright claimant

**Copyright Claimant:** Rovio Mobile Oy

Keilaranta 17, Espoo, FI-02150, Finland

## Limitation of copyright claim

**Material excluded from this claim:** Preexisting drawing

**Previous registration and year:** VA1769080     2010

**New material included in claim:** sculpture/3-D artwork

## Rights and Permissions

**Organization Name:** SAIDMAN DesignLaw Group, LLC

**Name:** Garfield Goodrum, Esq.

**Email:** garfield.goodrum@designlawgroup.com     **Telephone:** 301-585-8601

**Address:** 8601 Georgia Ave., Ste. 603

Silver Spring, MD 20910 United States

## Certification

**Name:**   Garfield Goodrum, Esq.

**Date:**   June 20, 2011

---

**Correspondence:**   Yes



## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-777-195

**Effective date of
registration:**

June 21, 2011

## Title

**Title of Work:** Red Bird, Yellow Bird, Blue Bird, White Bird & Black Bird

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** October 29, 2010      **Nation of 1st Publication:** Finland

## Author

- **Author:** Rovio Mobile Oy

   **Author Created:** sculpture/3-D artwork

   **Work made for hire:** Yes

   **Citizen of:** Finland      **Domiciled in:** Finland

## Copyright claimant

**Copyright Claimant:** Rovio Mobile Oy

Keilaranta 17, Espoo, FI-02150, Finland

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**New material included in claim:** sculpture/3-D artwork

## Rights and Permissions

**Organization Name:** SAIDMAN DesignLaw Group, LLC

**Name:** Garfield Goodrum, Esq.

**Email:** garfield.goodrum@designlawgroup.com      **Telephone:** 301-585-8601

**Address:** 8601 Georgia Ave., Ste. 603

Silver Spring, MD 20910  United States

## Certification

**Name:**  Garfield Goodrum, Esq.

**Date:**  June 21, 2011

**Correspondence:**  Yes



EXHIBIT C







